IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| JERRY GIBSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 08-4213-CV-C-NKL |
| ) | |
| FARMLAND MUTUAL INSURANCE ) | |
| COMPANY, NATIONWIDE ) | |
| AGRIBUSINESS INSURANCE ) | |
| COMPANY, NATIONWIDE INSURANCE ) | |
| COMPANY OF AMERICA, and ) | |
| BRADLEY COOPER ) | |
| ) | |
| Defendants. ) | |

O R D E R

Plaintiff Jerry Gibson ("Gibson") sued Farmland Mutual Insurance Company, Nationwide Agribusiness Insurance Company, Nationwide Insurance Company of America, and Bradley Cooper ("Defendants") for their actions in failing to defend Gibson when he was sued for negligence. Defendants removed the action to this Court from the Circuit Court of Howard County, Missouri. As against Cooper, Gibson purports to allege state law claims for breach of fiduciary duty and breach of contract. Pending before the Court is Gibson's Motion to Remand [Doc. # 14]. The Court grants Gibson's motion.

**I.     Facts and Procedural History**

Gibson alleges that Defendants Farmland Mutual Insurance Company ("Farmland"), Nationwide Agribusiness Insurance Company ("Nationwide"), and Nationwide Insurance Company of America ("Nationwide Insurance") (collectively, "Insurance Company Defendants") issued a

1

policy of insurance to Interstate Marine Terminals ("IMT"), with policy limits of coverage of $1,000,000 for injury or death. (Pl.'s Pet. ¶ 5). Gibson alleges that these policies provided coverage to him as an employee of IMT and were in effect on August 10, 2004. *Id.* He further alleges that Defendant Cooper was the insurance agent who sold the policy in question and who represented the other Insurance Company Defendants as a licensed agent or broker selling their insurance products. (Pl.'s Pet. ¶ 6).

Gibson's state court petition ("Petition") alleges that on or about August 10, 2004, Preston Brandt ("Brandt") was injured while performing work for IMT when a line on the crane Gibson was operating broke free and a metal beckett struck Brandt in the back of the head. (Pl.'s Pet. ¶¶ 10–14). The Petition alleges that the insurance company defendants were notified on or about June 21, 2007 about the incident, and that they "were informed that a claim was being made against their insured, Jerry Gibson for his alleged neglect in causing the incident." (Pl.'s Pet. ¶ 15). It further alleges that the Insurance Company Defendants "were notified of an offer [to] settle all claims against Gibson . . . within the policy limits of coverage"; Gibson alleges that they "refused to offer the policy limits, refused to engage in negotiations of any type . . . and refused to defend" him. (Pl.'s Pet. ¶¶ 16–17). Gibson further alleges that Brandt filed a personal injury suit against him on July 2, 2007 to recover for personal injuries allegedly resulting from Gibson's negligence. (Pl.'s Pet. ¶¶ 18–19). Gibson alleges that the Insurance Company Defendants disclaimed coverage to him in August 2007. (Pl.'s Pet. ¶¶ 20–22). The Petition states that judgment was entered against Gibson on January 31, 2008, in the amount of $4,385,000. (Pl.'s Pet. ¶¶ 23–24).

Gibson filed his Petition on July 15, 2008, alleging "bad faith actual damages," negligence, breach of fiduciary duty, breach of contract, and "bad faith – punitive damages" against the

2

Insurance Company Defendants and alleging breach of fiduciary duty and breach of contract against Defendant Cooper.

On August 22, 2008, this case was removed to this Court based upon diversity jurisdiction under 28 U.S.C. § 1332. Diversity of citizenship existed between Gibson, a citizen of Missouri, and each of the Insurance Company Defendants, all non-Missouri corporations which do not have their principal places of business in Missouri; the amount in controversy exceeded $75,000, exclusive of interest and costs. Defendant Cooper is, like Gibson, a Missouri citizen. Gibson moves the Court to remand this case back to the Circuit Court of Howard County, Missouri, arguing that this Court does not have subject matter jurisdiction over this matter because there is neither complete diversity of citizenship nor a federal question at issue. *See* 28 U.S.C. § 1332(a)(1). Defendants respond that, while Gibson and Cooper are both citizens of Missouri, Cooper was fraudulently joined as a defendant in order to defeat diversity jurisdiction.

## II. Discussion

"Whether a plaintiff has fraudulently joined a party to defeat diversity jurisdiction is a question of subject matter jurisdiction" for the Court. *Wilkinson v. Shackleford*, 478 F.3d 957, 963 (8th Cir. 2007). In reviewing a motion to remand, this Court resolves all doubts about federal jurisdiction in favor of remand. *In re Business Men's Assur. Co. of Am.*, 922 F.2d 181, 183 (8th Cir. 1993). Defendants bear the burden of of proving that joinder was fraudulent and that removal is appropriate in this case. *Altimore v. Mount Mercy College*, 420 F.3d 763, 768 (8th Cir. 2005). Where it is clear that a complaint fails to state a claim against the non-diverse defendant under state law, joinder is fraudulent and diversity jurisdiction under 28 U.S.C. § 1332 is not defeated. *See Filla v. Norfolk Southern Railway Co.*, 336 F.3d 806, 810 (8th Cir. 2003).

3

Count VI, the only count relating to Cooper, purports to state claims against him for breach of contract and breach of fiduciary duty. If the Petition states a claim against Cooper under either theory, joinder is not fraudulent and this case must be remanded.

Gibson alleges in Count VI that: "Cooper had a contractual obligation to obtain the appropriate coverage for the risks on IMT and its employees . . ." and that Cooper breached "an insurance contract with Gibson," by "[f]ailing to properly and adequately insure Gibson; . . . [n]egligently underwriting the policy; and [by f]ailing to check the policy of insurance before advising, recommending or denying coverage." (Pl.'s Pet. ¶¶ 55–57.) He further alleges that he was damaged as a result of this breach. *Id.* Defendants argue that "Plaintiff has failed to allege facts sufficient to" support the elements of a breach of contract claim under Missouri law. (Defs.' Sugg. Opp. 3.) (citing *Brickey v. Concerned Care of the Midwest*, 988 S.W.2d 592, 594 (Mo. Ct. App. 1999) for the proposition that, under Missouri law a plaintiff must plead facts showing: (1) a mutual agreement between the parties; (2) mutual obligations arising out of the agreement; (3) valid consideration; (4) part performance by one party; and (5) damages resulting from the breach of contract).

While Missouri is a fact-pleading jurisdiction, fact pleading is not required in the federal courts. *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1960 (2007). A plaintiff must only plead "enough facts to state a claim to relief that is plausible on its face." *Id.* Gibson has alleged that he had a contract with Cooper, that Cooper breached it, and that he was damaged. These allegations are sufficient to state a claim for breach of contract under federal notice-pleading standards. Whether the Count VI can survive a motion to dismiss under Missouri's fact-pleading standards is an issue for the state court to decide. In the event that Cooper is dismissed in the state court under

4

state standards, the remaining diverse defendants may once again seek removal to the federal courts.

On the facts as alleged in Gibson's Petition, there is a reasonable basis in fact and law supporting a breach of contract claim against Cooper, and the Court cannot find that he was fraudulently joined. Because Cooper, like Gibson is a Missouri citizen, there is no complete diversity, and this Court lacks subject-matter jurisdiction over this case. 28 U.S.C. § 1447(c); *Filla*, 336 F.3d at 811.

### III. Conclusion

Accordingly, it is hereby

ORDERED that Gibson's Motion to Remand [Doc. # 14] is GRANTED; It is further

ORDERED that this case is REMANDED to the Circuit Court of Howard County, Missouri.

              s/ NANETTE K. LAUGHREY
              NANETTE K. LAUGHREY
              United States District Judge

Dated: December 1, 2008
Jefferson City, Missouri